UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MYOKA INGRAM, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:11-CR-35 |
| | ) | NO: 2:12-CV-233 |
| UNITED STATES OF AMERICA, | ) | Judge Greer |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Myoka Ingram ("Petitioner" or "Ingram"), a federal prisoner, has filed a "28 USC 2255 Motion to Vacate Set aside or reduce Sentence by Depierre Claim", [Doc. 85]. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has examined the motion and determined that it plainly appears from the motion and the record of prior proceedings that Ingram is not entitled to relief. Therefore, the United States Attorney will not be required to file an answer, motion, or other response and no evidentiary hearing is necessary. Accordingly, the motion will be DENIED.

### **I. Procedural And Factual Background**

Petitioner was indicted by the federal grand jury on April 12, 2011, [Doc. 1]. Ingram was charged in two counts of the nine count indictment. In Count One, she was charged, along with Frank Quinton Gaitor, with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Count Two charged Ingram and Gaitor with distribution of cocaine base ("crack") in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. [*Id.*].

On July 22, 2011, a plea agreement was filed with the Court wherein Ingram agreed, among other things, to plead guilty to Count One of the indictment [Doc. 23]. The Court conducted a

change of plea hearing on August 23, 2011 and accepted Ingram's guilty plea to Count One. A presentence report ("PSR") was ordered. Ingram was determined to be a career offender and the PSR established an offense level of 31 and a criminal history category of VI, resulting in an undisputed advisory guidelines range of 188 to 235 months imprisonment. By statute, Ingram faced a mandatory minimum term of imprisonment of 60 months.

On December 12, 2011, the Court conducted a sentencing hearing. The government's motion for downward departure was granted and Ingram was sentenced to 84 months of imprisonment, five years of supervised release and a $100.00 mandatory assessment. Count Two was dismissed upon motion of the government. Judgment was entered on December 28, 2011, [Doc. 63]. The instant motion to vacate was then timely filed on June 4, 2012.

## II. Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity,

are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis And Discussion

The petitioner appears to make a single claim in her motion: Under the recent United States Supreme Court decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), the Court must vacate her conviction. Although the precise nature of her claim is not clear, petitioner apparently claims that *DePierre* has "altered the class of persons that the law punishes" and, when applied to her case, means that she cannot be punished under 21 U.S.C. § § 841(a) and (b)(1)(B).

3

The Supreme Court decision in *DePierre* does not even arguably support petitioner's claim and has no bearing on any legal or factual issue in her case. In *DePierre*, the Supreme Court held that the term "cocaine base" found in 21 U.S.C. § 841(b)(1) means "the chemically basic form of cocaine." *Id*. at 2237. DePierre had asked the district court for a jury instruction that in order to find him guilty of distribution of cocaine base it must find that the offense involved "the form of cocaine base known as crack cocaine." *Id.* at 2231. The First Circuit affirmed the district court's refusal to give the requested instruction, holding that cocaine base in the statute referred to all forms of cocaine base, "including but not limited to crack cocaine." *Id.* at 2231 (quoting *United States v. DePierre*, 559 F.3d 25, 30-31 (1st Cir. 2010). In other words, "cocaine base" applies more broadly than to just crack cocaine and applies to all forms of cocaine in its basic form. *Id.* at 2231-32.

As noted above, Ingram's argument is difficult to discern. As part of her plea agreement in this case, Ingram entered into a stipulation of facts necessary to establish an adequate factual basis for her guilty plea. In that stipulation, Ingram agreed that she "conspired to distribute and possess with the intent to distribute twenty-eight (28) grams or more of a mixture and substance containing cocaine base (crack), . . ." [Doc. 23 at ¶ 5]. Ingram further admitted that she assisted "in the sale of cocaine base (crack) to a cooperating individual" on January 7, 2011 and that she assisted Gaitor on January 12 and 13, 2011 with the sale of "approximately 2.7 grams of cocaine base (crack)" to the confidential informant. Finally, Ingram agreed that, for purposes of the Sentencing Guidelines calculation, "the defendant is accountable for at least 28 grams but less than 35 grams of cocaine base (crack)."

To the extent that Ingram's argument is that her case did not involve a substance that violated the provisions of the law under which the defendant was charged in the indictment, that argument

4

clearly fails because Ingram admitted that her offense involved "cocaine base (crack)." To the extent she somehow challenges the sufficiency of the evidence used to convict her, that argument likewise fails. Questions of sufficiency of the evidence are not cognizable on a motion under 28 U.S.C. § 2255. *See United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (*en banc*), *cert. denied* 396 U.S. 1015 (1970) (holding that one may challenge the sufficiency of the evidence on direct appeal from the conviction and the claim is not cognizable in a subsequent § 2255 motion).[1]

Petitioner also points to *United States v. Flaherty*, 295 F.3d 182 (2d Cir. 2000) as "[a]n example of a *DePierree* [sic] error." The reference to that case is somewhat baffling and the case has absolutely nothing to do with the issue raised in *DePierre*. In *Flaherty*, the defendant raised a claim of error under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Although Flaherty was found to be subject to a mandatory minimum sentence, the indictment did not contain any allegation as to drug quantity. The drug quantity issue, however, was submitted to the jury for determination under the beyond a reasonable doubt standard through the use of interrogatories. Under those circumstances, the Second Circuit held that, applying plain error review, Flaherty had suffered no prejudice which would affect his substantial rights or seriously affect the fairness, integrity, or public reputation of the proceedings because the quantity issue was actually submitted

---

[1] If Ingram is arguing that the government is required to prove the chemical composition of the controlled substance and has failed to do so, *DePierre*, the holding of which is decidedly narrow, does not address the type of proof the government must use to prove that the offense involved "cocaine base." *DePierre* merely defines the term "cocaine base." *DePierre*, 131 S. Ct. at 2231-32. In any event, Ingram has admitted that she is responsible for a conspiracy to distribute "cocaine base (crack)."

5

to the jury and decided beyond a reasonable doubt. If Ingram is raising an *Apprendi* claim here, it lacks merit. The quantity necessary to invoke the 60 month mandatory minimum was clearly charged in the indictment and admitted by her at the time of her guilty plea.

### IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be DENIED and the motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate judgment will enter.

ENTER:

                                                            s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE